### EARNSHAW *v.* MYERS *et al.*

(*Supreme Court, General Term, Second Department.* June 25, 1888.)

TENANCY IN COMMON AND JOINT TENANCY—ACTION AGAINST CO-TENANT—OUSTER.

　　Where lands were devised to five children,—to three sons an absolute estate, and
　　to two daughters a life interest,—and a power of sale as to all the lands was given
　　to the executors, who were the widow and the three sons, and the widow and two of
　　the sons join in an absolute conveyance of the lands, with individual covenants of
　　warranty, an action on behalf of the daughters cannot be maintained to recover
　　possession, where the defendants do not claim the whole title under their deed, and
　　deny ouster, and there is no proof of defendants' possession outside the pleadings,
　　since it becomes a case of tenancy in common; and under Code, § 1515, one tenant
　　cannot recover possession without proof of ouster by the other.[1]

Appeal from special term, Westchester county; J. O. DYKMAN, Justice.

Joseph W. Corlies died October 25, 1860, and by his will devised to his two
daughters, Cornelia C. Corlies, now Earnshaw, and wife of John W. S. Earn-
shaw, trustee and co-plaintiff herein, and Emily C. Corlies, now Reese, a life
interest in certain lands; and to his three sons an estate in fee in the same
lands, appointing his widow executrix, and the three sons executors and trus-
tees under the will, and giving them a power of sale as to all the lands devised.
On February 15, 1868, two of the sons and the widow executed a conveyance
of the land in question to William Johnson and Austin Myers, in which con-
veyance the third son did not join, being absent from the country. The ex-
ecutors and executrix having died, John W. S. Earnshaw was appointed ad-
ministrator with the will annexed, and trustee in their places, by whom and
the two daughters this action of ejectment is brought against Maria J. Myers
individually and as executrix of the last will of the said Austin Myers, de-
ceased, and Angeline C., Austin M. and Charles C. Johnson, heirs at law of
the said William Johnson, also deceased, to recover the land conveyed to the
said Johnson and Myers, on the ground that the deed was invalid, in that one
of the trustees did not join in its execution. Judgment below was for de-
fendants on the report of a referee, and plaintiffs appeal.

*E. R. Meade,* for appellants.　*W. G. Tracy,* for respondent Myers.　*C. A.
Hawley,* for respondents Johnson and others.

BARNARD, P. J.　There is no doubt but that the defendants own two-fifths of
the lands in question. The same belonged to Joseph Corlies at the time of
his death, in 1860. Certain lands of the deceased were devised by his will to
his widow, but the remainder of his lands were devised to his five children.

---

[1] Respecting the rights of tenants in common *inter se*, see Busch v. Nester, (Mich.)
38 N. W. Rep. 458, and note.

These lands were part of the remainder. The devise to the sons, of whom there were three, was absolute, and vested at the testator's death. The two daughters, who are the plaintiffs, were given a life-estate, with power of apportionment. The executors of the will were the widow and the three sons, and all qualified. The will gave a full power of sale as to all lands except those devised to the widow. The proof shows that the executors, the widow and two of the sons, executed a deed to defendants' predecessors in title. One son was absent from the country, and did not execute the deed. The same was given in 1868, and purported to convey all the testator's interest in the land, "and also the estate, right, title, interest, claim, and demand whatsoever, both in law and equity, which the said testator had in his life-time, or at the time of his decease, and which the parties of the first part, or either of them, have or hath, by virtue of the said last will and testament or otherwise, of, in, or to the same and every part thereof;" contains individual covenants by the grantor "severally and not jointly" against incumbrances, for warranty of title, and for quiet enjoyment. Assuming, therefore, that the executors' deed failed because one executor did not join with the other, the deed of the individuals was good, and conveyed two-fifths of the title at least. There is no claim in the answer that the defendants claim the whole title under the deed. It denies ouster, and avers that the daughters (plaintiffs) had the benefit of the sales money paid for the land, and asks that an account be taken, so that justice could be done. The case is one, therefore, where one tenant in common sues his co-tenant to recover possession of the lands then owned in common. The Code concisely declares the rule which has long existed. The plaintiff, besides proving his right, must prove also that the defendant actually ousted him, or did some other act amounting to a total denial of his right. Code, § 1515; *Edwards* v. *Bishop*, 4 N. Y. 61. There is no proof whatever, outside of the pleadings, as to the defendants' possession. The judgment should therefore be affirmed, with costs.

PRATT, J., concurs.