ROBINSON *v.* FINCH.

1. WILLS—CONSTRUCTION—ABSOLUTE GRANT—SUBSEQUENT LIMITA-
   TION.
   A devise which, standing alone, would confer an estate in fee,
   may be modified by a subsequent provision of the will which
   discloses an intent to limit the estate granted.

2. SAME.
   Thus, a devise absolute in form to A. is effectually limited by a
   subsequent provision that, in the event of A.'s death with-
   out wife or children, such of the estate as should not have
   been used by A. should go to B.

3. SAME—OMISSION OF WORDS OF INHERITANCE.
   In such a case, upon the death of A. without wife or children,
   the heirs of B., who had died in the meantime, became en-
   titled to the property, to the exclusion of the heirs of A.;
   the omission of the word "heirs" in the devise to B. not
   operating to defeat the manifest intention of the testator to
   grant an estate of inheritance.

Appeal from Van Buren; Buck, J. Submitted Jan-
uary 5, 1898. Decided March 15, 1898.

Bill by Elizabeth Robinson, for herself and in behalf of
others similarly entitled, against Mary Finch, for a con-
struction of the will of Jane Korth, deceased. From a
decree for defendant, complainant appeals. Reversed.

*T. J. Cavanaugh*, for complainant.

*William N. Cook* and *Osborn, Mills & Master*, for
defendant.

MOORE, J. This case involves the construction of a
will reading as follows:

"I, Jane Korth, of South Haven, Van Buren county,

Michigan, do make, publish, and declare this, my last will and testament, in manner following:

"*First.* All my debts existing at the time of my decease, my funeral expenses, and the cost of executing this, my last will and testament, and all other expenses necessarily incurred in the settlement of my estate, are to be paid out of the proceeds of a certain note and mortgage given by Anne Reynolds to me, dated June 13, 1879, for two hundred dollars, and out of any other personal property I may die possessed of.

"*Second.* After the payment of my just debts and expenses as expressed in the first paragraph herein, I give, devise, and bequeath all the rest, residue, and remainder of my estate, both real and personal, to my grandson, Thomas Weldon.

"*Third.* In case my said grandson, Thomas Weldon, shall die leaving no wife and children, then it is my desire that the property herein bequeathed to my grandson, Thomas Weldon, and not used by him or for his education and benefit, shall, after the decease of my said grandson (in case he shall die leaving no wife and children), be disposed of as follows: To Jane McGinnis, my niece and daughter of my sister Mary McGinnis, the sum of one hundred and fifty dollars, and the remainder of my estate I will to go to Thomas Robinson, son of my sister Betty Robinson, in the county Meath, in town Betooth, Ireland.

"*Fourth.* I hereby appoint Samuel P. Wilson, of South Haven, Van Buren county, Michigan, the trustee to take full charge and control of the property herein bequeathed to my said grandson, Thomas Weldon, until my said grandson shall become twenty-one years of age."

Thomas Robinson was dead when this proceeding was begun. The bill was filed by his daughter in her own behalf, and on behalf of her brothers and sisters, and her mother, the widow of Thomas Robinson, and on behalf of Jane McGinnis, named in the will. Thomas Weldon, previous to the commencement of the suit, died, leaving no wife or children, without having disposed of the property mentioned in the will. It is claimed by the defendant that the second clause of the will conveys the title in fee to Thomas Weldon, and it now belongs to the mother of Thomas Weldon, Mary Finch, the defendant, and the

6

judge so found in the court below, from which decree complainant appeals.

It is the contention of the complainant that the meaning of the testatrix must be gathered from reading all of the instrument, and that, when this is done, the title of Thomas Weldon is a defeasible one, and ,upon his death the property must be disposed of according to the third paragraph of the will.    The first thing to determine is, What was the intention of the testatrix, as expressed in the instrument, taking it in its entirety, giving to the words used the meaning which it is evident the testatrix gave to them? for it is the cardinal principle of interpretation of wills to carry out the intention of the testator, if it is lawful and can be discovered.    *Bailey* v. *Bailey*, 25 Mich. 185; *Eyer* v. *Beck*, 70 Mich. 181; *Glover* v. *Reid*, 80 Mich. 233; *Schehr* v. *Look*, 84 Mich. 263; *Cousino* v. *Cousino*, 86 Mich. 323; *Jones* v. *Deming*, 91 Mich. 481.    If the construction given to the will by the defendant and the circuit judge is to prevail, it has the effect of expunging the provisions of the third paragraph of the will.    If, however, the will is read as an entirety, it undoubtedly means that the testatrix intended, after payment of her debts and expenses, to give all the rest of her estate to Thomas Weldon, subject to the limitation that,· if he died unmarried or without issue, such of the property as he had not used was given, $150 to Jane McGinnis, and the remainder to Thomas Robinson.

Counsel for defendant contend:

"It is the settled rule that when an interest is given or an estate. conveyed by one clause of an instrument, in clear and decisive terms, such interest or estate cannot be taken away or cut down by raising a doubt upon the extent, meaning, and application of a subsequent clause, nor by inference therefrom, nor by any subsequent words that are not as clear and decisive· as the words of the clause giving that interest or estate;" citing a good many cases in support of this proposition.

We think, however, the true rule is as stated by Chief Justice Marshall in *Smith* v. *Bell*, 6 Pet. 68, where the will disclosed a bequest to the wife which, standing alone,

would give the estate to her absolutely, but other words in the will indicated that the testator intended to place limitations upon the legacy to the wife. The opinion reads:

"It must be admitted that words could not have been employed which would be better fitted to give the whole personal estate absolutely to the wife, or which would more clearly express that intention. But the testator proceeds: 'The remainder of said estate, after her decease, to be for the use of the said Jesse Goodwin.' These words give the remainder of the estate, after his wife's decease, to the son, with as much clearness as the preceding words give the whole estate to his wife. They manifest the intention of the testator to make a future provision for his son as clearly as the first part of the bequest manifests his intention to make an immediate provision for his wife. If the first bequest is to take effect according to the obvious import of the words taken alone, the last is expunged from the will. The operation of the whole clause will be precisely the same as if the last member of the sentence were stricken out; yet both clauses are equally the words of the testator, are equally binding, and equally claim the attention of those who may construe the will. We are no more at liberty to disregard the last member of the sentence than the first. No rule is better settled than that the whole will is to be taken together, and is to be so construed as to give effect, if it be possible, to the whole. Either the last member of the sentence must be totally rejected, or it must influence the construction of the first so as to restrain the natural meaning of its words; either the bequest to the son must be stricken out, or it must limit the bequest to the wife, and confine it to her life. The limitation in remainder shows that, in the opinion of the testator, the previous words had given only an estate for life. This was the sense in which he used them."

In *Hamlin* v. *United States Express Co.*, 107 Ill. 443, it is said: "The latter part of the will is to be considered no less than the former part, and, to the extent there is repugnance, the language of the former part is to be read as modified by that of the latter part." See, also, *Barnes* v. *Marshall*, 102 Mich. 248; *Gadd* v. *Stoner*, 113 Mich. 689.

It is urged that Jane Korth did not evince an intention to will any portion of her estate to the heirs at law of Thomas Robinson. It is true, the word "heirs" was not used in the third bequest, but it is also true the word was not used in the second bequest, and the same reasoning would lead to the conclusion that the testatrix did not intend to will any portion of her estate to the heirs at law of Thomas Weldon. A more liberal rule prevails in construing wills than in construing deeds. The language used in the second paragraph of the will, if standing alone, would doubtless convey an estate in inheritance; but, as we have already seen, the instrument, read as an entirety, indicates that limitations were put upon the estate conveyed to Thomas Weldon. It also indicates that, in case Thomas Weldon died without a wife or children, it was intended by the testator to convey, by paragraph 3, an estate of inheritance.

The decree is reversed, with costs of this court, and a decree may be entered in accordance with the prayer of the bill.

The other Justices concurred.