## VAN DRIELE v. KOTVIS.

1. Wills—Invalid Clause—Suspending Power of Alienation.
   Where a clause in a will which suspends the power of alienation in a manner not based on lives can be eliminated without affecting the general plan and primary purpose of the testator, the will should be sustained. So *held* where a testator gave successive life estates to his wife and daughter,

with proper disposition of the remainder, but also made a bequest to a church society, to be paid by the executor, from the issues and profits of the estate, in 20 annual installments.

2. Same—Contingent Remainders—Uncertainty.

A devise of an estate in remainder to such person or persons as shall, by the law in force at the termination of the precedent life estate, be entitled to inherit real estate from testator's wife, is not void for uncertainty.

Appeal from Kent; Wolcott, J. Submitted October 9, 1903. (Docket No. 33.) Decided December 22, 1903.

Bill by Katharine J. Van Driele and Wilhelmina S. Van Driele against John Kotvis, executor of the last will and testament of Ary Van Driele, deceased, for a construction of said will. From the decree rendered, complainant Wilhelmina S. Van Driele appeals. Affirmed.

*Grove & McDonald,* for appellant.

*William H. Eastman (Diekema & Kollen,* of counsel), for defendant.

Moore, J. The bill in this case is filed for the purpose of obtaining a construction of a will made by Ary Van Driele, deceased. The material parts of the will read as follows:

"*First.* I direct that all my just debts and funeral expenses be paid by my executor out of my personal estate.

"*Second.* I will and direct that, as soon as convenient after my death, my executor cause to be placed in an appropriate place or places on my monument on lot seventy-two, block L, Valley City Cemetery, my name and date of birth in raised letters, viz., 'Ary Van Driele, born December 25th, 1820.'

"*Third.* I give, grant, and bequeath to the Fourth Dutch Reformed Church of the city of Grand Rapids, State of Michigan, the sum of five hundred dollars, to be paid by my executor out of the rents, issues, and profits of my estate in the manner following, to wit: Twenty-five dollars per year, for a period of twenty years.

"*Fourth.* My son-in-law, Peter Dogger, is indebted to

me in the sum of three thousand dollars, more or less, for advancements made to him; and it is my will that said debt be satisfied and forgiven, and I direct my estate and the executor thereof to make no effort to collect said debt from him, and that all instruments and evidence of such indebtedness be canceled by my executor.

"*Fifth.* I give, devise, and bequeath my organ to my daughter, Wilhelmina Sophia Van Driele; but in case she does not wish the same, and is willing to part with it, then, in that case, I give, devise, and bequeath said organ to Lena Tang Anderson.     *     *     *

"*Seventh.* I give, devise, and bequeath all the rest, residue, and remainder of all the rents, issues, and profits of all my personal and real estate, wherever the same may be situated, to my wife, Katharine Johanna Van Driele (whose maiden name was Katharine Johanna Gernler), for her sole and separate use during her life, but upon the following conditions, viz.:  That she shall remain my widow; that she shall not oppose or contest my last will and testament, nor refuse to execute and sign any papers necessary for her to sign and execute in order to make perfect conveyances of any real estate which I may have contracted to be disposed of,—the same to be held and enjoyed by my said wife in lieu of her dower interest in my said estate.  In case my said wife shall remarry, oppose or contest this will, or refuse to execute and sign any necessary papers to make perfect conveyances of real estate as in this paragraph mentioned, then, in such case, I give, devise, and bequeath to my said wife one-third of all said rest and residue of all the rents, issues, and profits of my said personal and real estate, for her sole and separate use during her life, and the remaining two-thirds thereof I give, devise, and bequeath to my sole surviving daughter, Wilhelmina Sophia Van Driele, for her sole and separate use during her life.

"*Eighth.* From and after the death of my said wife, I give, devise, and bequeath all of the said rest, residue, and remainder of all the said rents, issues, and profits of all my said personal and real estate, wherever the same may be situated, to my said sole surviving daughter, Wilhelmina Sophia Van Driele, for her sole and separate use during her life.

"*Ninth.* From and after the death of both my said wife and daughter, it is my will, and I hereby direct, that all my property, both real and personal, wheresoever the

same may be situated, and not herein otherwise disposed of, shall be disposed of as follows, viz.: One-half thereof I give, devise, and bequeath to such person or persons as shall, by the laws of the State of Michigan then in force, be entitled to inherit real estate from myself, and in the same proportions, and that the other one-half thereof I give, devise, and bequeath to such person or persons as shall, by the laws of the State of Michigan then in force, be entitled to inherit real estate from my said wife, and in the same proportions; provided that, in case·my wife's sister, Elizabeth Tang, shall not be living at the date of the death of my said wife and daughter, that in such case the share or proportion of my estate that would go to said Elizabeth Tang under this paragraph, had she been living at that time, shall go and belong to the then living daughters of said Elizabeth Tang, in equal shares; the sons of said Elizabeth Tang being hereby expressly excluded from inheriting anything under this will.   *   *   *"

The bill asks, among other things, that the court decree as follows:

"That the third paragraph of said will is invalid."

"That the seventh paragraph vests in Katharine Johanna Van Driele a life estate in all the real and personal estate mentioned in said seventh paragraph, subject only to the conditions therein expressed, and that she is entitled to the possession and control of the same.

"That the ninth paragraph of said will is void for uncertainty as to the objects of the gift, devise, and bequest therein attempted to be made, and because it is in conflict with the law."

"That the eighth paragraph of said will vests in your oratrix Wilhelmina Sophia Van Driele a life estate in all of the personal and real estate mentioned in said paragraph, subject to the life estate of your oratrix Katharine Johanna Van Driele, created by the said seventh paragraph of said will, and that by reason of the invalidity of the said paragraph 9 of said will, and because, by the provisions of said will, there is a suspension of the absolute power of alienation not based on a life or lives, the absolute fee in all of the real estate of which the said testator died seised vested in your oratrix Wilhelmina Sophia Van Driele immediately on the death of said testator."

The court made a decree in accordance with the prayer of the bill, except as follows:

" That the ninth clause of said will is valid, and creates a contingent remainder, subject to the said life estates of the said complainants, in all the property, both real and personal, of the said testator, which will become vested, from and after the death of both of the said complainants, in those classes of persons described in said ninth clause of said will, as they may be found to exist after the death of both of said complainants, under the laws of the State of Michigan which may then be in force with reference to the inheritance of real estate."

From this decree the daughter, Wilhelmina S. Van Driele, has brought the case here by appeal. The mother and the executor have not appealed.

The solicitors for appellant say the single question presented by this appeal is the validity of the contingent remainders which the testator attempted to create by the ninth paragraph of his will. It is said the court was right in holding the third paragraph was in violation of the statute, and void; that the will confers upon the executor no trust, except that with which an executor is clothed by law in the absence of an express trust. Counsel say:

" It seems to us that the intent of the testator was to tie up this estate for 20 years in the hands of his executor, inalienable for that period, and perhaps longer, if his daughter should live beyond that term, and that the whole scheme of the will must fail for that reason, except so far as payment of debts, the execution of the fourth and fifth paragraphs of the will, and the closing and settlement of the estate in respect thereto, and that, as to the residue, it must be disposed of as intestate property.    *    *    *
" We also contend that if it should be held that the third paragraph of the will is void, and that the complainants are given successive life estates, that it does not follow that the contingent remainders attempted to be created by the ninth paragraph are valid. We claim that these contingent remainders are void because of uncertainty as to the persons to whom they are limited; because those persons cannot be known or ascertained, and are not capable of being designated; and because the testator has failed to lawfully dispose of the fee to his realty by his will. We understand it to be a settled principle of the law that the absolute fee in land will become vested immediately

on the death of the testator, and unless he, by the provisions of his will, devises it, either directly or in trust, the law vests it at once in the heir. If, then, the third clause of this will be held void, and it be held that the will created successive life estates in the complainants, it seems to us that it must be held that inasmuch as the testator did not, by his will, devise it to become vested anywhere at his death, and inasmuch as it must go somewhere immediately upon the death of the testator,—either to the devisees, or to the heir at law as undisposed of by the will, —it vested in the complainant Wilhelmina Sophia Van Driele, as sole heir at law, at the death of the testator, subject to the life estate in her mother, if it be held that such life estate is created by the will."

Counsel also claim that it was the intent of the testator that the executor should hold the estate in his hands for 20 years, as is indicated by the provisions of paragraph 3, which, if valid, would suspend the power of alienation for 20 years; "that it was a part of the testator's general plan or scheme to render his estate inalienable for a definite term of 20 years, at least. If this be so, the third clause of the will cannot be eliminated, and the other provisions remain. For if his primary intent was to suspend the power of alienation, and this and other provisions of the will were made for the purpose of effectuating that intent, then the whole will must fall, and the estate descend as intestate property,"— citing cases.

If counsel are right in saying the primary purpose of the will is found in paragraph 3, and the other provisions of the will were made for the purpose of accomplishing that intent, then, doubtless, they are right in claiming the will must fall, and the estate descend as intestate property. The record does not disclose the extent of the estate. The bill avers that the estate consists almost wholly, or very largely, in real estate, mostly houses and lots in the city of Grand Rapids, which, at the time of the death of the said Ary Van Driele, were occupied by tenants, and which are still occupied in greater part by the same tenants; that there are no debts, except trifling ones; and asks that, after payment of the debts, funeral expenses,

and expenses of settling the estate, the balance of the personal property be turned over to the complainants by the executor.   In view of these averments, and the provisions of the will releasing his son-in-law from a debt of $3,000, and the giving to his wife the rents and profits of his estate for life upon certain conditions, it is fair to infer that the estate left by deceased is a considerable one. The bequest to the church is not a large one, and, taking the will as an entirety, there is nothing to indicate that the other provisions of the will would not have been made just as they are, independent of the provisions of the third paragraph.   The important parts of the will are the provisions made therein for the wife and daughter during their lives, and the disposition of the fee.   The will indicates very clearly what the intent of the testator is in those particulars, and should be given effect, if possible. In *Palms* v. *Palms*, 68 Mich. 355 (36 N. W. 419), it is said:

"It is the wise and beneficent purpose of the courts, if possible, to uphold and sustain wills when there is no doubt whatever of the sanity and perfect competency of the testators to make them, and that they were executed without duress or any undue influence.   It is also considered the duty of the courts to so interpret the conditions of a will, where there is any obscurity or ambiguity of expression, as to carry out the intention of the testator, when such intention can be plainly gathered from the whole body of the instrument, and is a legal one.   And when the intent is manifest, and there are separate trusts or provisions which are not so connected together as to constitute an entire scheme, so that the presumed wishes of the testator would be defeated or nullified if one were held legal and others illegal, and the legal can be separated from the illegal without doing injustice to any of the legatees or beneficiaries under the will, as their rights are indicated by the wishes of the testator therein expressed, the illegal trust may be cut off, or the invalid provision eliminated, and the legal one permitted to remain; thereby effectuating, as far as the law will permit, the will of the maker of the instrument."

See *Dean* v. *Mumford*, 102 Mich. 510 (61 N. W. 7); *Hibler* v. *Hibler*, 104 Mich. 274 (62 N. W. 361); *Thurber* v. *Battey*, 105 Mich. 718 (63 N. W. 995); *Robinson* v. *Finch*, 116 Mich. 180 (74 N. W. 472).

We think the will indicates clearly an intent to give the wife and daughter, and the survivor of them, a life interest, only, in the estate of the testator.

Are the provisions of paragraph 9 void because of uncertainty as to the persons who would take the property at the time mentioned therein ? It is a matter of common knowledge that wills are frequently drawn creating a life estate in some person, and providing that, upon the death of that person, the estate shall be divided as provided in said wills among the children of the testator who are then living. The validity of such wills has not, so far as we know, been questioned, though it is manifest the testator could not know who of his children would be living at the time of the death of the owner of the life estate. It may be safely assumed there will always be some statutory provision in this State as to who shall inherit real estate. The statutes of the State would clearly indicate the persons who, at the time of the death of the survivor of the widow and daughter of the testator, would be entitled to inherit the real estate of the testator, and who would be entitled to inherit the real estate of his widow. See *Hughes* v. *Hughes*, 91 Wis. 138 (64 N. W. 851); *Trolan* v. *Rogers*, 79 Hun, 507 (29 N. Y. Supp. 899); *Rosenau* v. *Childress*, 111 Ala. 214 (20 South. 95); *Jones' Appeal*, 48 Conn. 60; *Belfield* v. *Booth*, 63 Conn. 299 (27 Atl. 585); *Hopkins* v. *Keazer*, 89 Me. 347 (36 Atl. 615); *Womrath* v. *McCormick*, 51 Pa. St. 504; *In re Winter's Estate*, 114 Cal. 186 (45 Pac. 1063); *Butler* v. *Bushnell*, 3 Mylne & K. 232; *Jones* v. *Colbeck*, 8 Vesey, 38; *Wharton* v. *Barker*, 4 Kay & J. 483.

The decree is affirmed.

CARPENTER, GRANT, and MONTGOMERY, JJ., concurred. HOOKER, C. J., took no part in the decision.