THORN v. SCOFIELD.

WILLS—CONSTRUCTION—ESTATES CONVEYED—LIFE ESTATE.
  By the first clause of a will testator gave and bequeathed to his wife his homestead, consisting of 30 acres in the southeast corner of section 5, while by the last clause all of his land on sections 2 and 4 was bequeathed to one of his sons, "reserving the right of my widow to occupy the homestead during her natural life." Testator had no homestead and no 30 acres of land on section 5; his homestead being on section 2. *Held*, that the widow took only a life estate in the land devised to her; the remainder going to the son.

Appeal from Jackson; Smith (Clement), J., presiding. Submitted February 1, 1906. (Docket No. 91.) Decided March 27, 1906.

Bill by Thomas D. Thorn against Alvina M. Scofield and another for a construction of the last will and testament of James L. Thorn, deceased. From a decree for complainant, defendants appeal. Affirmed.

*J. A. Parkinson*, for complainant.

*Albert O. Reece* (*Grove H. Wolcott*, of counsel), for defendants.

Ostrander, J. The complainant is the son and one of the devisees of James L. Thorn, deceased, and he filed the bill in this cause asking for a construction of the last will and testament of his father, for a decree determining the estate which was devised to the widow by said will, and for other relief.

The principal question involved is whether or not the widow, now Alvina M. Scofield, was by the will given a life estate or an estate in fee in a portion of testator's farm. The disposing part of the will reads as follows:

"*First.* I give and bequeath to my wife, Alvina M. Thorn, my homestead, consisting of thirty acres on the southeast corner of Section 5, the Township of Hanover, County of Jackson, State of Michigan, and also one-half my personal property, to be accepted by her in lieu of dower.

" To my daughter, Angeline M. Hatch, my small armed chair, known as the Aunt Jamson chair, and to her husband, John A. Hatch, my large bookcase and such books as he chooses to take with it, and to my son, Thomas D. Thorn, my chest of carpenter tools, also the large picture of his mother, my first wife.

"*Secondly.* I give and bequeath to my son, R. A. Thorn, my account book of the firm of Jas. L. Thorn & Son, and also my Blaine's 'Twenty Years in Congress,' two volumes. The remainder of my library to be divided among my children, share and share alike, my wife to have an equal share with them.

"*Lastly.* I give and bequeath to my son, Thomas D. Thorn, all my lands on Sections 2 and 4 in said Township of Hanover, reserving the right of my widow to occupy the homestead during her natural life on condition that he pay to my daughter, Angeline M. Hatch, $300.00; also to my daughter, Caroline L. Stone, $300.00; also to my daughter, Mary S. Gildersleeve, $300.00, amounting to nine hundred dollars in all."

The testator had no homestead and no 30 acres of land on section 5. His homestead was on section 2. The widow conveyed said 30 acres to her daughter, the defendant Matie E. Whitmore, who, it is claimed by defendants, paid her $500 and gave back a mortgage for $2,000 to

secure the remainder of the purchase money. The estate has been settled.

We agree with the circuit judge that it is clear that the intention of the testator was to devise to his widow a life estate in said parcel of land, with remainder in fee to complainant. It is contended by counsel for appellants that the beneficiaries under the will have themselves given it a contrary construction, relying upon which construction defendant Scofield released her dower, did not claim it within the statute period, and accepted the devise in lieu thereof; that the claim of the complainant has become stale, for the reason that he has rested upon his construction of the will for eight years without proceeding to secure judicial construction, and that the rights of a third party have intervened. Considerable testimony was taken. Upon the whole record (and it would be unprofitable to set out the testimony) we reach the conclusion which is reached by the learned circuit judge, who in his opinion states:

"There is not the least proof that complainant has done a thing that he hadn't a right to do, or that would not be the natural and proper thing for him to do, consistent with his claim of the fee in this homestead subject to · the life estate of the widow.

" She has the right under this will to use this land as long as she lives. He has not interfered with that right in any way, and probably would not have done so had it not been for the sale of the premises to another and the claim of title in fee.

"After such a sale and claim, did he remain silent, he might be charged with laches, which in time would ripen into an estoppel. If his claim is a valid one, he has taken the proper course in having this will construed at once. If it is not a valid one, he cannot be criticised for asking a construction of the will.

" I am of the opinion that the contention and claim of the complainant is the true one, and that the defendant Alvina M. Scofield was vested with no more than an estate for life in the homestead described in the first clause of the will, and that the complainant is vested with the title to the same in fee simple, subject to the life estate of

said Alvina M. Scofield, and that the defendant Whitmore, by her conveyance from Mrs. Scofield, takes only the life estate that her grantor had in the land, and that said defendant Whitmore is the owner of said land and premises only during the lifetime of her grantor, Alvina M. Scofield."

The decree is affirmed.

McAlvay, Grant, Hooker, and Moore, JJ., concurred.