# JUNE TERM, 1906.*

KILLEFER v. BASSETT.

WILLS—CONSTRUCTION—ESTATE DEVISED—LIMITATION ON FEE.
  Where an estate is devised in fee, a subsequent clause direct-
  ing what disposition shall be made of that portion of the es-
  tate remaining at the devisee's death is void for repugnance
  to the devise in fee.

Appeal from Van Buren; Carr, J. Submitted January
31, 1906. (Docket No. 78.) Decided October 1, 1906.

Bill by William Killefer, administrator de bonis non,
with the will annexed, of the estate of Theodore E. Hen-
drick, deceased, against Fred R. Bassett, administrator
of the estate of Elvira C. Hendrick, deceased, for an
accounting. From a decree for complainant, defendant
appeals. Reversed, and decree entered for defendant.

*Thomas J. Cavanaugh* and *Benjamin F. Heckert,*
for complainant.

*Barnard & Lewis* (*A. W. Lamson,* of counsel), for
defendant.

MOORE, J. The bill in this case was filed by the com-
plainant, as administrator de bonis non, with the will an-
nexed, of the estate of Theodore E. Hendrick, deceased,
against Fred R. Bassett, as administrator of the estate of
Elvira C. Hendrick, deceased, for an accounting for the
assets which were in Mrs. Hendrick's hands at the time
of her death, under and by the terms of the last will of

---

* Continued from Vol. 145.

said Theodore E. Hendrick; she having been appointed executrix' of his estate. The answer of the defendant denies that there were any assets in the hands of his intestate or that any ever came to his hands belonging to the estate of Theodore E. Hendrick, but avers that under the ninth paragraph of the will of Mr. Hendrick the residue of his estate, after paying the legacies, and other obligations, became and were the assets of Mrs. Hendrick, and, at her death, went to her heirs under the statute of distribution. The circuit judge held, in favor of complainant. The case is brought here by appeal.

The second provision in the will reads:

"2. I give and devise to my beloved wife, Elvira C. Hendrick, all those certain pieces and parcels of land situate and being in the county of Van Buren and State of Michigan, known, etc., * * * together with all the hereditaments and appurtenances thereunto belonging or anywise appertaining."

Then follow a number of bequests. Then comes the following provision:

"9. I give and devise all the rest, residue, and remainder of my real estate of every name and nature whatsoever to my beloved wife Elvira C. Hendrick, and I also give and bequeath to my said wife all my household furniture, beds and bedding and all the rest, residue and remainder of my personal estate, goods and chattels of what nature or kind soever, and whatever is left of said real estate or personal estate at the death of my said wife, Elvira C. Hendrick, I give to the following named persons: Peter Hendrick, Elizabeth A. Caldwell, Martha M. Edwards, Edwin C. Hendrick, John W. Hendrick, Adelbert M. Hendrick, Rose Snyder, Elvira Hendrick, Sarah Hendrick, George Hendrick, William Hendrick, Ella Hendrick, Frank Barber, Helen Hillman, Mollie Hillman, Elvira Rosette Hubbard, Charles Heston, Minnie Bentley, Dow Bently, Mary Lamson, Harry Lamson, Cora Lamson, and Edwin Lamson, provided they should be living at the death of my said wife, Elvira C. Hendrick, and in case of death of any of the above named persons, then I give it to all that are living to be divided equally between them, share and share alike."

It is the claim of the complainant that Mrs. Hendrick obtained only a life interest in the property, and that the case is controlled by *Robinson* v. *Finch*, 116 Mich. 180, and like cases, a large number of which are cited.

It is the claim of defendant's counsel that Mrs. Hendrick took title to the fee in the property, citing a large number of cases. It is sometimes difficult to determine whether a given case is within one of these lines of cases or the other. We think the case at bar is distinguishable from *Robinson* v. *Finch*, supra. It was the opinion of the writer that when the first part of the third provision of the will in the last-named case was read in connection with the second provision of the will it modified the second provision so as to indicate that the testator intended to give to Thomas Weldon the use of the property for his education and benefit with remainder over in case he died leaving no wife or children. See *Gadd* v. *Stoner*, 113 Mich. 689; *Thorn* v. *Scofield*, 143 Mich. 473; *In re Mallary's Estate*, 127 Mich. 119.

In the case at bar the testator does not indicate in the will an intention to place any limitation upon the bequest to Mrs. Hendrick. He does indicate if there is anything left of the property at the time of her death his desire as to where it shall go. The case of *Jones* v. *Jones*, 25 Mich. 401, is almost a parallel case to this one. In that case it was held the wife took an absolute estate. In *Law* v. *Douglass*, 107 Iowa, 608, it is said:

"The intention of the testator is the polar star in the interpretation of a will. It will be sought from an examination of the entire instrument when taken up by its four corners. This must be so, as, of necessity, wills are prepared in all situations and by all sorts of people, the wise and the ignorant, the unlearned in the law, as well as the learned. Because of this, courts have deemed it of more importance to ascertain and give effect to the wishes of the deceased than to indulge in particular refinement of reasoning or niceties of distinction, which may operate to defeat the accomplishment of the very purposes for which the instrument has been executed. There are some things,

however, which even a testator may not do, and which the courts are powerless to aid him in doing, however clearly his intentions may be expressed. He cannot create a fee with absolute power of disposal, and at the same time clog that power of alienation by limitations over to another. In other words, he cannot include provisions which are absolutely inconsistent in terms and meaning, and have all given force and effect. See *Ingersoll's Appeal*, 86 Pa. 245. Rules for ascertaining the intention have developed from the observations and experience of the past, which are believed to be well adapted as guides for learning the wishes of men generally, as expressed in such instruments. These canons of interpretation cannot be rejected, except on great consideration. As said by Sharswood, J., in *Doebler's Appeal*, 64 Pa. 15:

" 'It becomes no court to be wise above that which is written. Security of titles requires that no mere arbitrary discretion should be exercised in conjecturing what words the testator would have used, or what form of disposition he would have adopted had he been truly advised of the legal effect of the words actually employed.'

" It appears that no rule is better settled in the law than that the first taker of property under a will, with full power to dispose thereof, must be considered the absolute owner, and limitations over held void for repugnancy. *Rona* v. *Meier*, 47 Iowa, 609; *Alden* v. *Johnson*, 63 Iowa, 125; *Killmer* v. *Wuchner*, 74 Iowa, 359; *Pellizzarro* v. *Reppert*, 83 Iowa, 498; *Halliday* v. *Stickler*, 78 Iowa, 388; *In re Burbank's Will*, 69 Iowa, 379; *Mulvane* v. *Rude*, 146 Ind. 476; *Bradley* v. *Carnes*, 94 Tenn. 27; *Wilson* v. *Turner*, 164 Ill. 398; *Van Horne* v. *Campbell*, 100 N. Y. 287; Schouler on Wills, §§ 558, 559; 2 Jarman on Wills (5th Ed.), p. 529; *Gifford* v. *Choate*, 100 Mass. 346; *Jones* v. *Bacon*, 68 Me. 34; *Kelley* v. *Meins*, 135 Mass. 231; *McKenzie's Appeal*, 41 Conn. 607; 2 Redfield on Wills, p. 277; 20 Am. & Eng. Enc. Law (1st Ed.), p. 955. This is because the limitation is inconsistent with the power of alienation or an absolute fee, and the testator will be presumed to have intended the gift rather than to have defeated it by the limitation over. * * *

" Mr. Schouler, in his work on Wills (§ 559), says:

" 'As a rule, an absolute devise in terms must be construed in connection with other clauses of the will which serve to modify its

effect. And a fee which is given in the first part of a will may prove to be so restrained by subsequent words as to reduce it to a life estate.'

"*Urich's Appeal*, 86 Pa. 386; *North* v. *Martin*, 6 Sim. 266; *Norris* v. *Beyea*, 13 N. Y. 273; *Healy* v. *Eastlake*, 152 Ill. 424; *Chase* v. *Ladd*, 153 Mass. 126; *Mansfield* v. *Shelton*, 67 Conn. 390; *Stivers* v. *Gardner*, 88 Iowa, 310. Indeed, we have discovered no case to the contrary. The ordinary rules of interpretation are perspicuously stated in the recent case of *Mansfield* v. *Shelton*, 67 Conn. 390:

"'*First.* If the primary gift conveys and vests in the first taker an absolute interest in personal, or an absolute fee simple in real property, it exhausts the entire estate, so that there can be no valid remainder.

"'*Second.* A life estate, expressly created, will not be converted into a fee, absolute or qualified, or into any other form of estate greater than a life estate, merely by reason of there being coupled with it a power of disposition, however general or extensive.

"'*Third.* An express gift in fee will not be reduced to a life estate by mere implication from a subsequent gift over, but may be by subsequent language, clearly indicating intent, and equivalent to a positive provision.

"'*Fourth.* Except as restrained by the foregoing limitations—indeed, in some instances, apparently impinging upon them—the question as to whether the primary gift is in fee, so as to exhaust the entire estate, is in each case to be decided upon a careful examination of the entire will, aided by legitimate extrinsic evidence, to ascertain the actual intent of the testator, which intent, when so discovered and made obvious, is controlling.'"

In *Gadd* v. *Stoner*, 113 Mich. 689, Justice MONTGOMERY, speaking for the court, among other statements, said:

"It should also be noted that, in applying the rule contended for by defendants, a marked distinction exists between the case of an express bequest in fee and a case where the will creates a life estate with power to alienate. See this distinction noted in *Bradley* v. *Carnes*, 94 Tenn. 27; Schouler on Wills, § 559. In the latter case, the test seems to be whether the will gives an unlimited, or only a modified, power of disposition in the first taker. If the former, it is treated as a conveyance in fee; if the latter,

an executory devise may yet be given effect.   In *Jackson* v. *Robins*, 16 Johns. (N. Y.) 588, Chancellor Kent said:

" ' We may lay it down as an incontrovertible rule, that where an estate is given to a person generally, or indefinitely, with a power of disposition, it carries a fee; and the only exception to the rule is, where the testator gives to the first taker an estate for life only, by certain and express words, and annexes to it a power of disposal. In that particular and special case, the devisee for life will not take an estate in fee, notwithstanding the distinct and naked gift of a power of disposition of the reversion.' "

The late case of *Moran* v. *Moran*, 143 Mich. 322, is in point.   In that case it was held that the proviso that the property left at the death of the wife should go to the heirs of the testator is repugnant to the clause creating the estate in fee simple.   Such we think should be the construction put upon the provisions of the will before us.

The decree is reversed, and one may be entered in accordance with this opinion.

MCALVAY, GRANT, and HOOKER, JJ., concurred with MOORE, J.

OSTRANDER, J.   I am of opinion that this case is not to be distinguished from *Robinson* v. *Finch*, 116 Mich. 180. I do think this case correctly decided.