| 94 | 621 |
| 104 | 417 |

| 94 | 621 |
| 109 | 420 |

| 94 | 621 |
| 118 | 600 |

EMBREE P. FORBES ET AL. v. JAMES H. DARLING AND FRANK H. SMITH.

*Writ and process—Will—Construction—Nature of estate—Trust—Accounting—Evidence.*

1. The object of section 35 of article 6 of the Constitution, which provides that the style of all process shall be, "In the Name of the People of the State of Michigan," is to make this the distinguishing feature of all process.

2. A chancery subpœna which contains as its caption and address, "State of Michigan. The Circuit Court for the County of Newaygo, in Chancery. To Francina Forbes, Greeting,"—does not conform substantially even to the provision of the Constitution cited, and its service will not give the court jurisdiction over the person of the defendant.

3. How. Stat. § 5810, which provides that when any testator shall omit to provide in his will for any of his children, and it shall appear that such omission was not intentional, such child shall take the same share as if he had died intestate, does not apply where the will makes provision for the support and education of all of the testator's children until they attain their majority.[1]

4. A husband devised and bequeathed all of his estate, including a designated farm, to his wife, who was appointed sole executrix. The will directed her to pay his just debts and funeral expenses, and to keep and use the residue of the estate for the support and maintenance of herself and family, and the education of his children. The will declared that, for the better maintenance and education of the children, the testator committed to his wife their guardianship until of full age, during which time the expenses of such maintenance and education were to be paid and borne by his wife out of the moneys and estate given and bequeathed to her; which will is construed as follows:

   *a*—The first clause devises an estate in fee, which the other clauses burden with a duty or trust.

   *b*—As the will makes no provision for an accounting, and does not provide to what extent the children shall be educated, while the trust is enforceable in equity, in case of refusal to

---

[1] See *In re Estate of Stebbins*, 94 Mich. 304.

support or to provide any opportunity for the education of the children, yet, when they have been supported and schooled, although in a meager manner, the court will not inquire further, or require from the mother or her estate a retrospective accounting.

c—There being no ambiguity on the face of the will, extrinsic evidence is not admissible to show an intent other than that expressed therein.

Appeal from Newaygo. (Palmer, J.) Argued January 6, 1893. Decided February 17, 1893.

Bill to enjoin foreclosure proceedings. Complainants appeal. Reversed, and sale under decree enjoined, but without prejudice to any subsequent proceedings to foreclose the mortgage. The facts are stated in the opinion.

*George Luton,* for complainants.

*W. D. Leonardson,* for defendants.

McGRATH, J. James Forbes, the father of the complainants, died October 24, 1871, leaving a last will, the terms of which are as follows:

"*First.* I do hereby give and devise and bequeath to my wife, Francina Forbes, all of my estate, consisting of my farm, situate in the township of Dayton, aforesaid, and known and described as the north-east quarter of section number thirty (30), in township number thirteen (13) north, range number fourteen (14) west, together with all of my personal estate, consisting of farm implements, teams, stock, grain, etc.

"*Second.* I do also hereby constitute and appoint my said wife, Francina Forbes, to be sole executrix of this, my last will; directing her first to pay, after my decease, all of my just debts and funeral expenses, and, second, to keep and use the residue of said estate for the support and maintenance of herself and family, and the education of my children.

"*Third.* And, for the better maintenance and education of my children, I hereby commit the guardianship of each and all of my children, until they shall respectively attain the age of 21 years, unto my said wife; and I do hereby

declare that the expenses of the maintenance and education of my said children, until they shall attain the age aforesaid, shall be paid and borne by said wife by and out of the moneys and estate given and bequeathed to her in and by this, my will."

Francina Forbes died in 1890. One of the children died in 1879. The others were all of age at the time of the mother's death, except Mary S., who married in the year her mother died.

The widow, in her lifetime, executed a mortgage upon the real estate devised, proceedings to foreclose which had been commenced prior to her death. The heirs seek to have the proceedings to foreclose enjoined, and the mortgage declared null and void. The contention is that the widow took but a life-estate under the will.

This contention cannot be sustained. The "First" clause of the will devises an estate in fee, without any limitations or words indicating an intention to create a trust estate. The other clauses burden the estate so devised with a duty or trust. The widow took the beneficial interest charged with a trust which was enforceable in equity. She could convey, but such conveyance would be subject to the burden imposed upon the estate. The statute provides that any devise shall be construed to convey all the estate, unless it shall clearly appear that there was an intention to convey a less estate. How. Stat. § 5786. It was held in *Bailey v. Bailey*, 25 Mich. 185, that the presumption that a testator means to die intestate as to part of his estate will not be raised where the will does not naturally lead to that inference. The construction which we give to the instrument makes every part of the disposition consistent, and disposes of the entire estate, while that contended for creates an intestacy as to the residue of the estate. *Mann v. Hyde*, 71 Mich. 278; *Toms v. Williams*, 41 Id. 552; *Rood v. Hovey*, 50 Id. 395. The surplus did

not result to the heirs, but belonged to the devisee. *Wood v. Cox*, 1 Keen, 317, 2 Mylne & C. 684; *Irvine v. Sullivan*, L. R. 8 Eq. 673. One of the children had died, the youngest, a daughter, had married, and all the rest were of age, when the mother died; so that no inquiry is necessary as to what part of the estate is needed to maintain and educate the children. *Carr v. Living*, 28 Beav. 644; *Scott v. Key*, 35 Id. 291; Lewin, Trusts, 139.

It is claimed that the children were not properly educated; that the widow did not support the children until they reached the age of 21 years out of the estate devised; that they contributed to their own support while upon the farm; that finally all, with the exception of the daughter, struck out before they became of age, and have since supported themselves.

The will makes no provision for an accounting, nor does it provide to what extent the children shall be educated. The testator evidently intended to leave the question of the extent of the education of the children to the mother, relying upon her natural affection for them. When the children became of age, the widow took what surplus remained for her own benefit. When the children ceased to be members of the establishment contemplated by the testator and went into another, whatever would have been the rule had they returned before they became of age, the obligation to support them was thereby suspended. The extent of the education, as well as the character of the support, must depend materially upon the conditions and circumstances, and both must necessarily be held to rest largely in the discretion of the mother. It was certainly not the intention of the testator that his widow should remain upon this farm, charged with the support of these six children until they became of age, and that they should be discharged of all obligations to the mother; that they should be supported in idleness; that their

time was their own; and that any contribution to their own support, while upon the farm and under her roof, was to be charged up against her. Their duty and obligations to their mother remained unaltered by the burden imposed upon her. While the trust imposed could be enforced in equity, in case of a refusal to support or to provide any opportunity for the education of the children, yet, when the children have been supported, and have been schooled, although the facilities afforded have been meager, the court will not inquire further, or require from her or her estate a retrospective account. *Leach v. Leach,* 13 Sim. 304; *Browne v. Paull,* 1 Sim. (N. S.) 92; *Carr v. Living, supra; Hora v. Hora,* 33 Beav. 88; *Scott v. Key, supra.*

The complainants introduced testimony to show what the intention of the testator was, as expressed in the conversation had with the person who drew that instrument, and with others after its execution. There is no ambiguity on the face of this instrument, and in such case extrinsic evidence is not admissible to show an intent other than that expressed. *Kinney v. Kinney,* 34 Mich. 250; *Waldron v. Waldron,* 45 Id. 354.

How. Stat. § 5810, has no application to a case like the present, where the will makes provision for the support and education of each and all of the testator's children until they become of age. None are omitted. Provision is made for all.

The validity of the foreclosure proceeding is attacked on the ground that the subpœna issued in the cause, and returned as served, was not styled, "In the Name of the People of the State of Michigan." The subpœna was returned, served, but Francina Forbes did not appear, and the bill was taken as confessed. The statute (section 7290) provides that the style of all process from courts of record in this State shall be, " In the Name of the People of the

State of Michigan." Section 35 of article 6 of the Constitution provides that the style of all process shall be, " In the Name of the People of the State of Michigan."

In *Tweed v. Metcalf,* 4 Mich. 579, and again in *Wisner v. Davenport,* 5 Id., 501, it was insisted that certain tax rolls were void, because the warrant to the township treasurer was not styled, " In the Name of the People of the State of Michigan;" but the Court held that the common-law definition of the term " process " is a writ issued by some court or officer exercising judicial powers, and, further, that the term " process " was intended to mean writs issued in the exercise of that judicial power created and established by the Constitution.

In *Johnson v. Insurance Co.,* 12 Mich. 216, the objection was made that the *scire facias* was not tested, " In the Name of the People of the State of Michigan." The Court held that neither the Constitution nor the statute required the writ to be so tested; that the objection, which was a purely technical one, was itself insufficiently taken; and that it was therefore unnecessary to determine whether the Constitution could be satisfied by a substantial compliance therewith. There the *scire facias* was styled as follows: " The People of the State of Michigan;" and the Court held that the fact that the words " In the Name of the People of the State of Michigan " were inserted in the Constitution between inverted commas favored the idea that the phrase must be used *verbatim.*

In the present case the caption of the process was as follows:

" STATE OF MICHIGAN.
    "The Circuit Court for the County of Newaygo, in Chancery.
    " *To Francina Forbes—Greeting.*"

This is not even a substantial compliance with this pro-

vision of the Constitution.     The object of this provision undoubtedly is to make this style the distinguishing feature of all process.     The requirement is constitutional, and the defect jurisdictional.

The decree below must therefore be reversed, and defendants enjoined from proceeding to sale under the decree for foreclosure, without prejudice, however, to any subsequent proceedings to foreclose said mortgage.

Complainants are entitled to the costs of both courts.

The other Justices concurred.