*In re* OWEN'S ESTATE.

WILLS—LEGACIES—ESTATE CHARGED WITH PAYMENT.

> Where a will devises all testatrix's real property to her daughter, and bequeathed to her all her mortgages, notes, and other securities, "with the understanding that she shall pay" certain specific legacies out of her portion of the estate, the legacies are a charge upon the estate in general, including the real as well as the personal property.

Error to St. Clair; Law, J. Submitted November 17, 1904. (Docket No. 108.) Decided November 29, 1904.

Petition by Niram B. Sackett against Matilda J. Broadbridge, executrix of the last will and testament of Matilda Owen, deceased, to compel the payment of certain legacies. The petition was granted in the probate court, and defendant appealed to the circuit court. There was judgment at the circuit affirming the order of the probate court, and defendant brings error. Affirmed.

One Matilda Owen died testate. By the second clause of her will she bequeathed to Marcus D. Terry and her daughter, Matilda J., all her real estate, and an interest in boats and vessels. By the third clause she bequeathed to the same parties all her "mortgages, notes, bonds, or other securities, * * * with the understanding that they shall pay to Burt Sackett the sum of five hundred dollars, and to Augusta Lenz the sum of one hundred dollars out of their portion of my estate."

By a codicil she revoked the provisions of her will to Terry, and made her daughter, Matilda, the sole legatee; charging her with the payments of the same amounts to Sackett and Lenz as were contained in the original will, and in the identical language, and $100 to her sister. The probate court entered an order that these legacies were a charge

upon the estate in general, including the real property. The claim of the appellant is that these legacies are chargeable upon the personal estate only. On appeal the circuit court affirmed the order of the probate court.

*Moore & Brown,* for appellant.

*James Swan* and *Niram B. Sackett,* for appellee.

GRANT, J. *(after stating the facts).* The case is before us upon the record only, no bill of exceptions having been settled. There is no room for construction, for the intent of the testatrix too clearly appears within the four corners of the will. The will evidently makes disposition of all her property. She made certain specific bequests, and devised the residue (naming the real and personal property) to her daughter, charged with the payment of three specific sums to the persons named, not out of the notes, mortgages, etc., mentioned, but out of the entire portion of the estate devised to her. The language is wholly inappropriate to express an intention to make these three bequests a charge upon any specific portion of the property devised.

Judgment affirmed.

The other Justices concurred.