FECHT v. HENZE.

1. WILLS—ESTATES—CONVEYANCES—HABENDUM CLAUSE.

A will creating an estate in fee in testator's wife, limiting, in the same paragraph, the estate granted, by charging it with the payment of legacies after the wife's death, effects the intended purpose, and does not create an unqualified estate in fee simple.

2. SAME—CONSTRUCTION.

A will is to be construed as an entirety, so as to give effect if possible to the whole instrument.

3. SAME.

The fact that the estate is of less value than the legacies, in no way affects the widow's estate, merely reducing the legacies pro rata.

4. SAME—LEGACIES—ABATEMENT.

Since legacies become a charge upon real estate, either by express direction or by necessary implication, if the language used by the testator indicates that he intended the legacies to be paid, although he knew the personal property to be inadequate for the purpose, they become a charge on the real estate; or, if the real estate and personalty are blended in one mass and legacies bequeathed, they may be charged upon the real estate.

5. SAME.

Where the estate consisted of real property worth $5,000 and

personal property worth $1,400 and testator bequeathed legacies amounting to $8,000, to be paid from his estate remaining at his wife's death, and blended the entire estate as one mass, it is evidence of his intent to charge the legacies upon the entire estate.

6. SAME.

The court should discover the intent of the testator and if possible give it effect.

Appeal from Wayne; Murfin, J. Submitted April 6, 1910. (Docket No. 12.) Decided July 14, 1910.

Bill by Albert Fecht, administrator with the will annexed of Pauline Ams, deceased, against William E. Henze, administrator *de bonis non* with the will annexed of the estate of Frederick Ams, deceased, and others, for a construction of said last-named will. From a decree for complainant, defendant Henze appeals. Reversed, and decree entered for defendant.

*E. W. Mulford,* for complainant.

*William E. Henze, in pro. per.*

The bill of complaint is filed in this cause to obtain a construction of the will of Frederick Ams, deceased. The construction of said will will determine the disposition of a fund now in the hands of the defendant Union Trust Company, and likewise determine whether or not the estate of Pauline Ams is liable to the estate of Frederick Ams for certain sums of money, received by her in her lifetime from said estate.

Frederick Ams died testate August 20, 1878. His estate, at his death, as shown by the inventory, consisted of real estate valued at $5,000, and personal property to the amount of $1,400. His will was as follows:

"I, Frederick Ams of the City of Detroit, county of Wayne, and State of Michigan, being of lawful age, sound mind and memory, do hereby make, publish and declare this to be my last will and testament in the manner following, that is to say:

"I hereby give, grant, bequeath and devise unto my wife, Pauline Ams, formerly Wuerth, of the City of Detroit, county of Wayne and State of Michigan, all my property, real, personal and mixed of every nature whatsoever, of which I shall die seised or possessed, or to which I shall be entitled at the time of my decease. To have and to hold the same unto my said wife Pauline Ams, formerly Wuerth, her heirs and assigns forever, but upon and after the decease of my said wife, Pauline Ams, formerly Wuerth, the child or children of my son Max Ams, now of the city of New York in the State of New York, shall receive the sum of two thousand dollars in equal shares, the child or children of my son, Joseph Ams, of Walkirch of Baden, in Germany, shall receive the sum of two thousand dollars in equal shares. The child or children of my daughter, Frieda Ams, of Walkirch aforesaid, shall receive the sum of two thousand dollars in equal shares, and the child or children of my daughter, Therese Ams, of Walkirch aforesaid, shall receive the sum of two thousand dollars in equal shares.

"In case any of my aforesaid children shall die without leaving issue, the share bequeathed to such issue shall go to the children of my other above-named children according to representation.

"Lastly, I hereby appoint and nominate my said wife, Pauline Ams, formerly Wuerth, of the city of Detroit, county of Wayne and State of Michigan, sole executrix of this my last will and testament, with full power and authority to sell, convey and dispose of any or all of my real estate in fee simple. And I hereby revoke all former wills, heretofore by me made.

"In witness whereof, I have hereunto set my hand and seal at the city of Detroit, county of Wayne and State of Michigan, this twelfth day of September A. D. eighteen hundred and seventy-four.

"[Signed]          FREDERICK AMS. [Seal.]"

The estate of Frederick Ams was duly administered by Pauline Ams as executrix, and she was discharged in 1879, no assignment having been made of the estate.

In March, 1895, Pauline Ams conveyed by warranty deed the real estate, which had been owned by her husband, to John P. Schmitt and Mary Schmitt, his wife, for $6,200. This money was deposited with the defendant Union Trust Company under the following agreement:

"Whereas, Pauline Ams, of the city of Detroit, acquired, under the will of Frederick Ams, a copy of which is hereunto attached, certain personal property and also real estate described as follows: Lots No. 21, 22 and 23, situated on the northeast corner of St. Aubin avenue and Jay street, with a frontage on St. Aubin avenue of 115 feet and with a depth along Jay street of 95 feet, valued at $6,200.00; and

"Whereas, said Pauline Ams has sold said real property for said amount to John P. Schmitt and his said wife, Mary Schmitt, and in and by her deed of conveyance has covenanted to and with said John P. Schmitt and his said wife that she is seised of said property in fee simple, that it is free from all incumbrances whatever, and that she will warrant and defend the same against all claims and demands whatsoever:

"Now, therefore, for the purpose of securing said John P. Schmitt, his heirs and assigns, against any damage or loss on account of the warranty contained in said deed, it is hereby agreed between said Pauline Ams, John P. Schmitt and the Union Trust Company, that the said money shall be received by said Union Trust Company in trust for the following purposes, to wit: (1) To pay to said Pauline Ams during her lifetime the interest upon said sum of money at the rate of four per cent. per annum, payable semi-annually at the office of said Union Trust Company. (2) In case it shall be legally established by the judgment of a court of the last resort, that a breach has been made in any of the said covenants of warranty made by said Pauline Ams, to pay to said John P. Schmitt, his heirs or assigns, the damages incurred by him or them by reason of such breach. (3) Upon the death of said Pauline Ams, to pay the said sum of $6,200.00 to the persons entitled thereto upon such persons legally establishing there right thereto.

"It is further agreed that, at any time after the expiration of five years from date hereof, the rate of interest herein provided to be paid to said Pauline Ams may be reduced to such amount as said Union Trust Company and said Pauline Ams may determine upon, and, in case they cannot agree, to such amount as shall be determined by the chancery court of proper jurisdiction. In case at any time after five years from date hereof, both said Pauline Ams and John P. Schmitt shall jointly agree to and with each other in a request in writing to said Union

Trust Company to pay said sum of money to either of them, or to such other person or persons by them jointly designated, said Union Trust Company hereby agrees, upon such joint request of said Pauline Ams and John P. Schmitt to pay said sum to the person or persons by them jointly designated, provided that three months' notice of such request be first given said Trust Company.

"In witness whereof, The parties hereto have executed this agreement in triplicate this 25th day of March, 1895.

[Signed in German] "PAULINE AMS.
[Signed] "JOHN P. SCHMITT.
[Signed] "UNION TRUST COMPANY,
 "By ELLWOOD T. HANCE, Secy.

"In presence of:
[Signed] "WM. A. MOORE.
[Signed] "HENRY WUNSCH."

John P. Schmitt died in 1904, and his wife, as survivor, now owns the land. Both she and the defendant Union Trust Company have filed disclaimers to the fund in the hands of the trustee, and ask the court to determine its ownership. Pauline Ams died May 20, 1909, leaving a last will, by the terms of which she gave $1,000 to one Rosa Fecht, $2,000 to one Louis Wuerth, and the balance to be equally divided among her other heirs at law. The inventory in her estate shows personal property to the amount of $3,700, aside from the sum in the hands of the trustee. At the time of the death of Pauline Ams, there were living children of each of the four children of Frederick Ams mentioned in his will. The administrator of the estate of Frederick Ams appeals.

BROOKE, J. (*after stating the facts*). The only question here involved is the character of the estate which passed to Pauline Ams under the will of Frederick Ams.

It is urged by the administrator of her estate, and the circuit judge held, that the will of Frederick Ams created an estate in fee simple, absolute in Pauline Ams, and that the latter part of the clause, which created that estate, in which the testator attempted to make certain specific bequests to his grandchildren, was void for repugnancy.

In reaching this conclusion, the learned circuit judge relied upon the following cases: *Jones* v. *Jones,* 25 Mich. 401; *Dills* v. *La Tour,* 136 Mich. 243 (98 N. W. 1004); *Moran* v. *Moran,* 143 Mich. 322 (106 N. W. 206, 5 L. R. A. [N. S.] 323, 114 Am. St. Rep. 648); and *Killefer* v. *Bassett,* 146 Mich. 1 (109 N. W. 21). An examination of these cases will show that in each case the testator, as in the case at bar, used words sufficient in law to create an estate in fee in the first taker, and in each case the testator then attempted to dispose of such portion of the estate, if any, as might remain at the death of the original devisee and legatee. There is no limitation in the wills considered in any of these cases upon the right of the first taker to dispose of the entire estate during her lifetime, but an attempt is made in each instance to limit an uncertain remainder upon an estate in fee. The case at bar is clearly distinguishable from those relied upon. Here the testator created an estate in fee in his wife, and in the same paragraph charged that estate with the payment of certain specific legacies, upon the happening of a certain future event.

There can be no doubt that language, which, standing alone, would create an estate of inheritance, may be so modified by subsequent language as to limit or qualify the estate originally apparently created. *Forbes* v. *Darling,* 94 Mich. 621 (54 N. W. 385); *In re Owen's Estate,* 138 Mich. 293 (101 N. W. 525).

In the case of *Robinson* v. *Finch,* 116 Mich. 180 (74 N. W. 472), this court quoted with approval the language used in *Smith* v. *Bell,* 6 Pet. (U. S.) 68. It is peculiarly pertinent when applied to the words of the will here considered, and is as follows:

"If the first bequest is to take effect according to the obvious import of the words taken alone, the last is expunged from the will. The operation of the whole clause will be precisely the same as if the last member of the sentence were stricken out; yet both clauses are equally the words of the testator, are equally binding, and equally claim the attention of those who may construe the will.

We are no more at liberty to disregard the last member of the sentence than the first. No rule is better settled than that the whole will is to be taken together, and is to be so construed as to give effect, if it be possible, to the whole. Either the last member of the sentence must be totally rejected, or it must influence the construction of the first so as to restrain the natural meaning of its words; either the bequest to the son must be stricken out, or it must limit the bequest to the wife, and confine it to her life. The limitation in remainder shows that in the opinion of the testator, the previous words had given only an estate for life. This was the sense in which he used them."

See, also, *Chase* v. *Ladd*, 153 Mass. 126 (26 N. E. 429, 25 Am. St. Rep. 614); *Kent* v. *Morrison*, 153 Mass. 137 (26 N. E. 427, 10 L. R. A. 756, 25 Am. St. Rep. 616).

In the case of *Cousino* v. *Cousino*, 86 Mich. 323 (48 N. W. 1084), where the testator, after providing for the payment of his debts, bequeathed the residue of his estate, real and personal, to his wife, and "after her death, or sooner, if she chooses to, to be divided among my children or their heirs, share and share alike," this court held that the widow took only a life estate, upon the ground that to construe the will as creating an estate in fee would render the clause quoted meaningless.

There is no question that as to $8,000 of the estate left by Frederick Ams, it was his intention to give to his wife, Pauline, only the use thereof during her lifetime. It transpired at his death that his entire estate was of less value than the legacies with which he had charged it. This fact, however, can have no bearing upon the character of the estate created in the widow. It would result simply in a reduction of the legacies *pro rata*.

Construing the will as creating a life estate only as to the $8,000, there is no repugnancy in the clause under consideration, but if, as urged by the appellee, the latter part of the clause is repugnant to the earlier, the latter, being clear, definite, and specific, must control. *Barnes* v. *Marshall*, 102 Mich. 248 (60 N. W. 468); *Foster* v. *Stevens*, 146 Mich. 131 (109 N. W. 265), and cases there

cited; *Gilchrist* v. *Corliss*, 155 Mich. 126 (118 N. W. 938, 130 Am. St. Rep. 568); *Hamlin* v. *Express Co.*, 107 Ill. 443; Schouler on Wills (3d Ed.), § 478. Legacies become a charge upon real estate, either by express direction or by necessary implication. If the language used by the testator indicates that he intended the legacies to be paid, although he knew his personal property to be inadequate for that purpose, they will not abate. Or if the real estate and personalty are blended in one mass, and legacies then bequeathed, the legacies become a charge upon the real estate, if the personalty be insufficient. Gardner on Wills, p. 584; *In re Owen's Estate, supra.*

We are of opinion that the testator clearly intended to charge his real estate, as well as his personalty, with the payment of the legacies, and that such construction arises from necessary implication. The testator's real estate, which at the time of his death was valued at only $5,000, was sold by his widow 17 years later for $6,200. His personal property amounted to only $1,400. It is obvious that, to provide for the payment of $8,000 of legacies, the testator must have intended to charge them upon the real estate, as well as the personal estate, and the blending of his entire estate in one mass in the earlier part of the clause is persuasive evidence of that intent.

It is unnecessary to cite authorities to the effect that the primary rule of construction is to discover the intent of the testator, and, if possible, give effect to that intent. As before pointed out, the testator clearly intended that his estate, to the amount of $8,000, should, upon the death of his wife, pass to his own grandchildren rather than to her heirs or devisees.

The judgment is reversed, and a decree will be entered in this court upon the footings of this opinion, with costs of both courts.

MOORE, MCALVAY, BLAIR, and STONE, JJ., concurred.