*In re* DAVIS' ESTATE.

HOLLWAY *v.* ATHERTON.

1. WILLS—"HEIRS"—ESTATE IN FEE SIMPLE.
   The use of the word "heirs" in the devise of land in a will is not necessary in order to create an estate in fee simple. 3 Comp. Laws 1915, § 11818.

2. SAME—ESTATE GRANTED—LIMITED BY SUBSEQUENT LANGUAGE.
   Language standing alone sufficient to create an estate of inheritance may be so modified by subsequent language as to limit or qualify the estate originally apparently created.

3. SAME—CONSTRUCTION.
   The language "I direct that out of my estate, and after my death, such sums be expended from time to time for the support of my brother, as in their judgment may be necessary to keep him from want, and in the event of death to provide with a suitable burial," *held*, mandatory, and a limitation upon the estate in fee conveyed in preceding paragraph.

4. SAME.
   Where paragraph 2 of testator's will conveyed to his wife an estate in fee, paragraph 4 contained a request that at her death an adopted daughter be given $1,000 a year during her lifetime, and paragraph 5 that any of his estate remaining go to a certain hospital, *held*, that the language in paragraphs 4 and 5 is clearly precatory and imposed upon the wife no legal obligation to carry out his wishes.

Appeal from Kent; McDonald, J. Submitted January 31, 1919. (Docket No. 56.) Decided April 3, 1919.

Bill by George Hollway, administrator *de bonis non* with the will annexed of the estate of George N. Davis, deceased, against Carrie Maud Atherton and the Hol-

See note in 5 L. R. A. (N. S.) 323.

land Home Benevolent Association for a construction of said will. From a decree for defendant Atherton, defendant association appeals. Affirmed.

*Hatch, McAllister & Raymond* and *Gelmer Kuiper,* for appellant.

*Joseph Kirwin* (*Willard F. Keeney,* of counsel), for appellee.

The bill of complaint was filed in this cause to secure construction of the following will:

"I, Geo. N. Davis, of Grand Rapids, in the county of Kent, State of Michigan; being now of sound mind and memory, and mindful of the uncertainty of life, do make public and declare this my last will and testament, hereby revoking and making void all former wills, if any, by me, at any time heretofore made, in manner following, that is to say:

"Paragraph 1. I direct that all my just debts and my funeral expenses be paid.

"Paragraph 2. I give, devise and bequeath to my wife, Laura M. Davis, all my property, both real and personal, and I hereby appoint my said wife, Laura M. Davis, of the city of Grand Rapids, and George W. Stone, of Lansing, Michigan, as executors of this, my last will and testament, and it is my wish, and I hereby direct that my said executors be authorized and empowered to sell and convey any and all real estate or personal, of which I may die seized without license or authority from the probate court, and that said executors be permitted to execute the trust hereby imposed without bonds.

"Paragraph 3. I direct that out of my estate, and after my death, such sums be expended from time to time for the support of my brother, John D. Davis, as in their judgment may be necessary to keep him from want, and in the event of death to provide with a suitable burial.

"Paragraph 4. And also request at the death of my wife, Laura M. Davis, that all the real and personal property remaining of my estate, shall be distributed

as follows to my adopted daughter, Carrie Maud Atherton; that she be given one thousand dollars a year during her lifetime.

"Paragraph 5. Any of my estate remaining shall go to the U. B. A. Holland Home.

"Paragraph 6. In witness whereof, I have hereunto set my hand and seal, this 21st day of January, A. D. 1915.

"GEORGE N. DAVIS  (L. S.)"

The testator died on February 13, 1916. His brother, John D. Davis, mentioned in paragraph three of the will, died May 17, 1916, and his wife, Laura M. Davis, mentioned in paragraph two of the will, died on the 25th day of June, 1916. Prior to her death and on the 18th day of March, 1916, Laura M. Davis, claiming to be the owner in fee of the personal property and real estate described in said will, executed and delivered to the defendant Carrie Maud Atherton, a bill of sale of said personal property and a warranty deed of said real estate, said deed being recorded on March 24, 1916.

The will was duly presented for probate and was admitted by an order dated March 17, 1916. After a full hearing in the court below a decree was entered in the following terms:

"It is hereby ordered, adjudged and decreed, that upon the death of said George N. Davis, his wife, Laura M. Davis, under his last will and testament became entitled to and vested with the title in fee to his real estate, and the absolute title to his personal property, and the same is now vested in her assign and grantee, Carrie Maud Atherton, and the said defendant, Holland Home Benevolent Association, acquired, or took, no interest or title whatever, in, or to, said estate, or any part thereof, under said last will and testament, and that its claims thereto are hereby forever barred."

From this decree the defendant, Holland Home Benevolent Association, has appealed.

BROOKE, J. (*after stating the facts*). The first contention of the appellant is that the second paragraph of the will does not in words create an estate of inheritance in Laura M. Davis. This contention we presume is based upon the fact that the testator failed to use the word "heirs" in connection with the devise. The use of the word is not necessary in order to create an estate in fee simple. Section 11818, 3 Comp. Laws 1915, provides:

"Every devise of land in any will hereafter made shall be construed to convey all the estate of the devisor therein which he could lawfully devise, unless it shall clearly appear by the will that the devisor intended to convey a less estate."

See *Killefer* v. *Bassett*, 146 Mich. 1.

It is next asserted on behalf of the appellant that a fair construction of this will, read in its entirety and in the light of the situation of the testator and the objects of his bounty at the time it was made, is that it was the manifest intention of the testator to clothe his wife, Laura M. Davis, with an estate for life, only, with remainder over to the beneficiaries named in paragraphs four and five of the instrument. In support of this contention the following decisions are relied upon: *Gadd* v. *Stoner*, 113 Mich. 689; *Robinson* v. *Finch*, 116 Mich. 180; *In re Mallary's Estate*, 127 Mich. 119; *Thorn* v. *Scofield*, 143 Mich. 473; *Fecht* v. *Henze*, 162 Mich. 52.

On the other hand it is the claim of the appellee that the case falls clearly within the principle of the following decisions: *Dills* v. *LaTour*, 136 Mich. 243; *Moran* v. *Moran*, 143 Mich. 322 (5 L. R. A. [N. S.] 323); *Killefer* v. *Bassett, supra.* We are of opinion that the contention of the appellant must fail. The language in paragraph two of the will is clear and unambiguous and without question imports the creation of an estate in fee in Laura M. Davis. We have

held that language standing alone sufficient to create an estate of inheritance may be so modified by subsequent language as to limit or qualify the estate originally apparently created. *Forbes* v. *Darling,* 94 Mich. 621; *In re Owen's Estate,* 138 Mich. 293. The language contained in paragraph three constitutes in our opinion such a modification or qualification. The mandate therein contained is just as positive and unequivocal as that contained in paragraph two. See *Fecht* v. *Henze, supra.* John D. Davis being now dead the provisions of paragraph three for his support become unimportant except that a consideration thereof may aid in determining the intention of the testator as to other provisions of the instrument.

Coming now to the provisions of paragraphs four and five. The peculiar language of these provisions bring this will clearly within the decisions above cited and relied upon by appellee. There is here no limitation upon the right of the first taker to dispose of the entire estate during her lifetime, but an attempt is made in both paragraphs four and five to dispose of an uncertain remainder. Further argument in support of the contention of appellee is that the language of paragraphs four and five read together imports on the part of the testator simply a request. The first part of paragraph four requests:

"that all the real or personal property remaining at my death shall be distributed as follows:"

Then follows the alleged bequest to Carrie Maud Atherton and (in paragraph five), the alleged bequest to the Holland Home Benevolent Association. The language used is clearly precatory. As to these matters the testator desired his widow, Laura M. Davis, to make certain use of such of his estate as should remain unconsumed at her death, but imposed upon her no legal obligation to carry out his wishes so ex-

pressed. The case upon this point is within the reasoning of the late case of *Crisp* v. *Anderson*, 204 Mich. 35.

The decree is affirmed.

Bird, C. J., and Ostrander, Moore, Steere, Fellows, Stone, and Kuhn, JJ., concurred.