MICHIGAN TRUST CO. *v.* DRIVER.

1. WILLS—CONSTRUCTION—INTENT.
    In the constructon of wills, the primary rule is to give effect to the testator's intentions.

2. SAME—ASCERTAINMENT OF TESTATOR'S INTENT.
    Intention of testator must be gathered from the whole will, and, where possible, effect given to all provisions of the instrument and while it speaks as of the date of testator's death, constructions may be aided by a consideration of the facts and circumstances existing at the date of the will.

3. SAME—LEGACIES—PAYMENT.

General rule that personal estate is, *prima facie,* the exclusive fund from which pecuniary legacies are to be paid, and real estate is not chargeable with their payment unless testator's intention so to charge is expressly declared or fairly deducible from the will, is subject to exception that when real and personal estate is blended in residuary clause of will previously giving legacies without creating any express trust to pay them, residuary real estate is chargeable therefor if the personalty be insufficient.

4. SAME—CONVERSION OF RESIDUARY ESTATE.

Fact that legacies are payable in cash or other personal estate does not preclude resort to residuary real estate where executor is specifically authorized by will to sell real estate and convert same to cash.

5. SAME—PAYMENT OF INHERITANCE AND ESTATE TAXES.

Funds from nonresiduary estate used to pay inheritance and estate taxes must be restored from residuary estate where will specifically directs payment of such taxes from residuary estate and there are insufficient funds to satisfy specific legacies.

Appeal from Kent; Verdier (Leonard D.), J. Submitted January 10, 1935. (Docket No. 45, Calendar No. 38,139.) Decided April 8, 1935.

Bill by Michigan Trust Company, executor and trustee under the last will of Mary M. Horrie, deceased, against Edwin F. Driver and others for construction of a will and other relief. From decree rendered defendants Edwin F., Josephine, Marjorie F., Mary Jane, Lois Josephine, Charles G., and Lillian Driver, appeal. Affirmed.

*Linsey, Shivel & Phelps (John H. Vander Wal,* of counsel), for defendant appellants.

*Warner, Norcross & Judd* and *Joseph Shulsky (Morris I. Kaplan* and *John B. Fruchtl,* of counsel), for defendant appellees.

Edward M. Sharpe, J. Mary M. Horrie, a resident of Grand Rapids, made a will December 24, 1929, and on January 16, 1930, she died leaving said will as her last will and testament. At the time of her death deceased was possessed of a large amount of real and personal property and her will contained the following clauses pertinent to the issue involved herein:

2. "I give, devise and bequeath to my sister, Alice A. Gondeck, her heirs and assigns forever, my home property at 525 Cambridge boulevard, S. E., in the city of Grand Rapids, Michigan, being all of the real estate which I own at that location, and the furniture, rugs, curtains, hangings, dishes, silver, plate, books, pictures, bric-a-brac, and all other kindred or similar personal property constituting the contents of my home, including all my clothing and other personal effects, exclusive of jewels, jewelry and automobiles, which are to constitute a part of my residuary estate."

3. "I give, devise and bequeath to my brother, Edwin F. Driver, his heirs and assigns, forever, a certain parcel of real estate in the city of Chicago owned by me and known as number 7141 Wentworth avenue, intending this to cover all of the real estate, or interest therein which I own at that location on Wentworth avenue in Chicago, Illinois.

"Also, a lot in Windsor, Canada, owned by me, being all of the real estate or interest therein which I own that is located in Windsor, Canada.

"For the purposes of this instrument, these properties are valued by me at $61,000."

4. "I give, devise, and bequeath to my brother, Walter F. Driver, cash or other personal estate to be set aside and turned over by my executor, to the value of $61,000."

5. "I give, devise and bequeath to my sister, Alice A. Gondeck, cash or other personal estate to

be set aside and turned over by my executor, sufficient in amount when added to the appraised value of the property going to and received by her under paragraph 2 above, to equal the sum of $61,000.''

6. ''I give, devise and bequeath to the trustee hereinafter designated by me and to its successors in trust, the sum of $10,000 in cash or securities, as a trust fund to be kept invested by the trustee in good, safe, income-producing securities or property, and to pay the net income arising therefrom as often as every 90 days to my brother, Charles G. Driver, during his life and thereafter to his widow, if she shall survive him, and at the death of the survivor to my said brother and his said widow, then the said trust shall terminate and come to an end and the trust estate shall then go and belong to the then surviving issue of my said brother, Charles G. Driver, provided, however, that if any of his issue shall have died leaving issue, then the share of the one so dying shall go to his or her issue. * * * ''

13. ''I hereby nominate and appoint the Michigan Trust Company of Grand Rapids, Michigan, to be the executor of this my last will and testament and to be the trustee of each of the two trusts herein created.''

The residue of the estate was devised and bequeathed to the trustee, to pay the net income arising therefrom in equal shares to Alice A. Gondeck, Edwin F. Driver, and Walter F. Driver, during their lives and thereafter to certain others named.

An inventory of property taken, and values ascertained at or about the time of the death of deceased shows that personal property belonging to the estate of deceased was found both in Illinois and Michigan, that the estimated fair value of the Illinois personal property was $84,142.93 and of the Michigan personal property was $22,544.36. The property in

Chicago, Illinois, and Windsor, Canada, bequeathed to Edwin F. Driver at the time of the execution of the will and at the time of the death of Mary M. Horrie did not have an actual value of $61,000. At the date of the trial in the court below Walter F. Driver had been credited with the sum of $24,335 and Alice A. Gondeck credited with the sum of $34,745.75. Under the present status of the estate, there is not sufficient personal property to pay the legacies in full to Alice A. Gondeck and Walter F. Driver, and to set up the trust fund as mentioned in said last will and testament. It appears that when Mrs. Horrie made her will, she apparently had ample means to liquidate all bequests, providing they were valued at pre-depression value. In addition to the personal estate, decedent also owned valuable real estate in Chicago, not specifically devised in her will, except by virtue of the residuary clause.

Plaintiff brought suit for construction of the will and the trial court held that the real estate not specifically devised as well as the income therefrom are charged with the satisfaction of the unpaid balance of administration expenses, legacies and interest on legacies after application thereto of all personal estate now or hereafter to come into the hands of the Michigan Trust Company, executor, from which decree defendants appeal.

The principal question is, may resort be had to the residuary real estate to satisfy the unpaid balance of administration expenses, legacies, and inheritance taxes when the personal estate is insufficient to meet such bequests, charges and expenses?

It is contended on the part of Alice A. Gondeck and Walter F. Driver that "insufficiency of personalty aids the inference of intention to charge the

residuary real estate with the payment of legacies, but sufficiency of personalty does not detract from such inference, where the residuary clause is general and blends the real and personal property in one mass."

In the construction of wills, the primary rule is to give effect to the testator's intentions.

In *Re Manshaem's Estate,* 207 Mich. 1, this court, speaking through Mr. Justice BROOKE, said:

"We have repeatedly held that the first and most important rule to be observed in construing wills is to ascertain the intention of the testator and to give effect to that intention if it be legally possible. *Stender* v. *Stender,* 181 Mich. 648; *In re Ives' Estate,* 182 Mich. 699; *In re Shumway's Estate,* 194 Mich. 245 (L. R. A. 1918A, 578); *Kirsher* v. *Todd,* 195 Mich. 297; *In re Blodgett's Estate,* 197 Mich. 455. That intention must be gathered from the whole will, and, where possible, effect must be given to all provisions of the instrument. While the will speaks from the death of the testator and not from its date, constructions may often be aided by a consideration of the facts and circumstances existing at the date of the will."

See, also, *In re McLennan's Estate,* 179 Mich. 595; *In re Canfield's Estate,* 248 Mich. 571.

From an examination of the last will and testament of decedent, we find that it was her intention to divide her property equally as between her brothers Edwin F. and Walter F. Driver and her sister Alice A. Gondeck. Each was to have a share of the residuary trust fund and each was to receive $61,000 outright out of the estate, but the $61,000 share of Edwin F. Driver was to consist of real estate in Chicago, Illinois, and Windsor, Canada, which for some reason testatrix valued at $61,000.

We next find that at the time of the death of decedent the personal property was insufficient to pay all legacies, set up the trust fund, pay expenses of administration, and claims against the estate. Under these circumstances, may the real estate not specifically disposed of except by the residuary clause as contained in the will be used for the payment of the unpaid balance of the legacies?

The general rule is that "the personal estate is not only the primary fund, but, *prima facie,* the exclusive fund from which pecuniary legacies are to be paid, and real estate is not chargeable with the payment of legacies, unless the intention of the testator so to charge it is expressly declared or may be fairly deduced from the language of the will." 28 R. C. L. p. 305. But, to this general rule there is a well recognized exception, which seems to be supported by the weight of authority, to the effect that when there is a blending of real and personal estate in the residuary clause of a will which has previously given one or more legacies without creating any express trust to pay them such a blending of the personal and real estate is sufficient to charge the residuary real estate with the payment of the legacies. 28 R. C. L. p. 306, and cases there cited.

"The great weight of authority in this country sanctions the rule that, where pecuniary legacies are given generally, and there is a gift of the residue of real and personal estate, the whole being blended in one mass, the legacies are charged upon the entire residue, both realty and personalty." *Rinehart* v. *Rinehart,* 98 W. Va. 93 (126 S. E. 402, 42 A. L. R. 649).

In *Fecht* v. *Henze,* 162 Mich. 52, 59, this court said:

"Legacies become a charge upon real estate, either by express direction or by necessary implication. If the language used by the testator indicates that he intended the legacies to be paid, although he knew his personal property to be inadequate for that purpose, they will not abate. Or, if the real estate and personalty are blended in one mass, and legacies then bequeathed, the legacies become a charge upon the real estate, if the personalty be insufficient. Gardner on Wills (Rev. Ed.), p. 584; *In re Owen's Estate,* 138 Mich. 293."

Counsel for Edwin F. Driver contend that *Hibler* v. *Hibler,* 104 Mich. 274, is authority for the principle that "insufficiency of personal property to pay specific legacies does not charge the residuary real estate with the payment of such specific legacies." In that case, the testator specifically devised certain real estate and then made a general bequest of personalty to one son with the remainder of all the personalty to all of his children. The facts in that case differ materially from those in the case at bar, here the real estate was not specifically devised and the residuary includes both real and personal property.

The *Hibler Case* is authority only for the proposition that specifically devised real estate, as distinguished from residuary real estate, cannot be charged with the payment of a demonstrative legacy in the absence of any expression by the testator of an otherwise intention. Nor do we find in *Osborn* v. *Winans,* 205 Mich. 436, anything contrary to the principle established by the great weight of authority, namely, that if legacies are given generally, and the residue of the real and personal estate is afterwards given in one mass, the legacies are a

charge on the residuary real, as well as the personal estate.

Moreover, the fact that these legacies are payable in "cash or other personal estate" does not change the rule so that resort may not be had to the real estate as the executor is specifically authorized by the terms of the will to sell any real estate and convert the same into cash.

Edwin F. Driver next contends that the real estate named in the residuary clause may not be sold to pay the inheritance and estate taxes. The record discloses that these taxes have already been paid out of nonresiduary funds. Paragraph 9 of the will provides:

"All State inheritance taxes and Federal estate taxes on my estate or upon any of the legacies herein contained, shall be paid out of my residuary estate and shall not be charged against said legacies, and for the purpose of this instrument, shall be chargeable against principal and not against income."

The misapplication of funds to pay the inheritance and estate taxes has partially depleted the fund from which the legacies should have been paid, and the residuary real estate should restore the nonresiduary money used to pay the inheritance and estate taxes.

The decree of the trial court is affirmed, without costs.

POTTER, C. J., and NELSON SHARPE, NORTH, WIEST, BUTZEL, and BUSHNELL, JJ., concurred with EDWARD M. SHARPE, J.

FEAD, J. I concur in result as within intention of testator.