PHILLIPSON *v.* PHILLIPSON.

1. PARTNERSHIP—DISSOLUTION BY DEATH.

Upon the death of a partner a partnership is dissolved (2 Comp. Laws 1929, § 9871).

2. SAME—DEATH—CONTINUANCE OF BUSINESS.

When a partner dies and the business is continued without liquidation by the surviving partners, either with or without an assignment from the representatives of the deceased partner, but without any settlement of accounts as between the estate and the partnership continuing the business, unless otherwise agreed, the estate may have the value of the decedent's interest at the date of dissolution ascertained, and shall receive an amount equal to the value of his interest in the dissolved partnership, with interest (2 Comp. Laws 1929, § 9882).

3. SAME—DEATH—SURVIVORS AS FIDUCIARIES.

When a partnership is dissolved by death of one of the partners, it is the duty of the surviving partners to wind it up and in so doing they are liable as fiduciaries, as trustees of the assets of the deceased partner (2 Comp. Laws 1929, §§ 9871, 9882).

4. WILLS—PARTNERSHIP—TRUSTS—ACCEPTANCE—BONDS.

Under terms of will of a partner, identical with wills of other partners so far as partnership assets were concerned, whereby surviving partners were nominated as trustees of such assets, survivors who began to comply with terms of will immediately after death of testator, made payments for seven years to the widow as beneficiary, and continued the business in their own names accepted the trust and acquired the naked legal title to the testator's undivided one-third interest charged with and subject to payment of testamentary charge in accordance with the terms of the will, notwithstanding they failed to file a bond as required by the will.

5. TRUSTS—BONDS—CONSTRUCTION OF WILL—ACCOUNTING.

The failure of testamentary trustees to file a bond as trustees is no defense in a suit against them for construction of a will and an accounting.

6. SAME—LIENS—PAYMENT.
> Beneficiary of testamentary trust of undivided one-third interest of partnership property was entitled to lien on the property for payment of amount specified by the trust instrument where the property conveyed in trust was charged with payment of certain sums.

7. WILLS—ACCEPTANCE OF DEVISE SUBJECT TO CHARGE—IMPLIED PROMISE.
> The acceptance of a testamentary devise of property raises an implied promise to pay any charge attached thereto by the will.

8. PARTNERSHIP—TESTAMENTARY TRUST OF UNDIVIDED SHARE—LIEN FOR PAYMENTS—FORECLOSURE.
> Surviving partners who accepted devise of deceased partner's undivided interest subject to payments of specified sums to widow became obligated to pay her such amounts with interest at the time provided for in the will and partnership assets were charged with a lien to secure unpaid balance thereof, which lien may be foreclosed for nonpayment.

9. TRUSTS—PARTNERSHIP—WIDOW'S ELECTION—ACCEPTANCE.
> Net value of testamentary devise of an undivided interest in a partnership to surviving partners as shown by their statement rendered widow shortly after death of testator may not be challenged either by claim of mistake, failure of appraisers properly to depreciate the assets, or by losses sustained in the business during the ensuing years, in view of widow's acceptance of provision made for her under the will and trustee's acceptance of the interest.

10. PARTNERSHIP—LIEN FOR NONPAYMENT OF TRUST CHARGES—FORECLOSURE.
> Widow of deceased partner whose testamentary conveyance of interest in clothing business to surviving partners subject to payments to her was accepted by them, being entitled to decree for arrears in payments and interest and subsequent payments annually as provided by the will, is entitled to a lien on the assets of the partnership to secure payment with provision for foreclosure if not paid.

Appeal from Cass; Warner (Glenn E.), J. Submitted April 7, 1942. (Docket No. 7, Calendar No. 41,683.) Decided June 10, 1942. Rehearing denied September 8, 1942.

Bill by Myrtle Phillipson against Herbert E. Phillipson and Irving J. Phillipson, individually, as

copartners, and as executors and/or trustees of the estate of Fred E. Phillipson, deceased, for construction of a will, an accounting, an injunction, and to impress a lien on certain property. Decree for defendants. Plaintiff appeals. Reversed.

*Vitus G. Jones* and *Burns & Hadsell,* for plaintiff.

*Carl D. Mosier* and *Joseph S. Folz,* for defendants.

BOYLES, J. Bill of complaint was filed seeking construction of a will, a determination of the amount still unpaid to plaintiff and a lien to secure the payment thereof, and that defendants be restrained from prosecuting a hearing on final account in probate court.

Plaintiff was the wife of Fred E. Phillipson, now deceased, testator of the will in question. In 1920, three brothers, Herbert E., Irving J., and Fred E. Phillipson, formed a copartnership under the name of Phillipson Clothing Company. In December, 1922, they executed separate wills containing identical provisions relative to their interests in the clothing company. Fred E. Phillipson died in 1929, his will was admitted to probate, his brothers, Herbert E. and Irving J. Phillipson, qualified as executors and are still acting as such. The estate has not been closed.

His will divides his assets into two classes: (1) His one-third interest in the clothing company; and (2) all other property. We are concerned only with his share in the clothing company. That part of his will is as follows:

"Third, subject to the conditions, provisions and limitations hereinafter specified, I do hereby give, devise and bequeath unto my two brothers, Herbert E. Phillipson and Irving J. Phillipson, jointly, and who are hereinafter known and de-

scribed as 'Trustees,' all of my Phillipson Clothing Company assets, in trust, said provisions, conditions and limitations being hereby expressed as follows:

"A.   The said trustees shall, as soon as conveniently may be after my decease, prepare a complete inventory of all assets belong(ing) to the Phillipson Clothing Company, together with a statement of its liabilities, and shall in addition thereto, prepare a statement therefrom showing the value of my interest in said company, a copy of such statement showing the value of my interest in said company shall by them be given to my wife, Myrtle R. Phillipson, not later than six months after my decease.

"B.   The said trustees shall, not later than one year after my decease, pay to my wife, Myrtle R. Phillipson, the sum of $10,000 in cash or in securities acceptable to her, and the property herein conveyed in trust shall be charged with the payment of the sum herein mentioned.

"C.   The said trustees shall be further obligated, and the property herein conveyed in trust shall be charged with the payment thereof, to pay to my wife, Myrtle R. Phillipson, on or before 15 years after my decease, the sum of $25,000, as follows: $1,500, or more at the option of said trustees, annually, the first payment to become due and payable one year after my decease, and annually thereafter until the entire principal sum of $25,000 above mentioned shall have been paid to her in full, together with interest upon the unpaid balance of said principal sum at the rate of five per cent. per annum, payable annually, the first payment of interest to be made one year after my decease.   Upon the full payment of the sums of money herein mentioned, the property herein conveyed in trust shall be discharged of and from all further liability or charges under this trust conveyance.

"D.   The said trustees shall, before assuming charge of the assets herein mentioned and subject to this trust, furnish to my wife, Myrtle R. Phillip-

son, a surety company bond in the principal sum of $10,000, which said bond shall be conditioned upon the faithful performance by said trustees of their duties and obligations as herein specified.

"E.  It is distinctly expressed that no liability shall attach to said trustees, either individually or severally, to make the payments to my wife, Myrtle R. Phillipson, as herein specified in subdivisions B and C of this paragraph, unless my share of such Phillipson Clothing Company assets at the time of my death shall be of an amount sufficient to enable them to make such payments, and in case such assets at the time of my death shall not be sufficient to cover such payments, then the provisions and conditions of this trust conveyance shall be carried out so far as it is possible to do so.

"F.  Upon the complete performance by said trustees of the payments herein specified, and subject to the condition hereinafter expressed in subdivision G of this paragraph, I do hereby give, devise and bequeath unto my two brothers, Herbert E. Phillipson and Irving J. Phillipson, equally, share and share alike, all of the rest, residue and remainder of my Phillipson Clothing Company assets as described in this will."

The two executors (defendants herein) caused an inventory to be taken of the property of the clothing company and an appraisal to be made, in accordance with the provisions of section A of paragraph three of the will.  They prepared a statement showing the value of the testator's interest in the company and gave a copy to plaintiff as required by the will.  The net value of the company assets were shown to be $105,133.24.  The inventory and appraisal was duly filed in probate court.  The interest of Fred E. Phillipson thus appeared to be slightly over $35,000.

Immediately after the death of Fred E. Phillipson, the defendants took over the control and management of the Phillipson Clothing Company and filed with the county clerk a new certificate of copartnership under the same name, giving the names of the copartners as Herbert E. and Irving J. Phillipson. At the same time, Herbert E. wrote the county clerk that on account of the death of Fred E. Phillipson the former copartnership had been dissolved. Thereafter, they did not consult with plaintiff regarding the business or its operation, or give her a statement of the profits or losses, although Herbert E. Phillipson occasionally discussed with her the financial condition of the business. The company did not prosper. The ensuing years were a period of depression. The executors filed reports with the probate court but no hearing thereon was ever held or asked for until shortly before the present bill of complaint was filed in 1939. Proceedings in probate court have since been stayed.

Defendants appear to have considered themselves the owners of the business after the death of Fred E. Phillipson. Herbert E. testified that at that time he and Irving Phillipson owned the Phillipson Clothing Company subject to the obligations to plaintiff. The first annual account filed in probate court by the executors showed certain payments made to plaintiff, and that the amount due from Phillipson Clothing Company as of July 6, 1930, was $21,959.09. Herbert E. testified that this was to explain the wish of his brother that there would be $35,000 in his estate. Further indicating the course pursued by defendants after the death of the testator, Herbert E. testified:

"*We took the merchandise all together too high and some of the real estate too.*"

The case presents two issues for our determination: (1) construction of the will; (2) accounting by defendants, if the will is construed to require defendants to pay plaintiff $35,000, and interest.

1. *Construction of will.* Plaintiff claims that the defendants accepted in 1929 the one-third interest of her husband in the copartnership assets; that they then became the owners subject to a trust in her favor; that, under the will, she has an equitable lien on these assets to secure the payment of the $35,000 provided for her by the will. Defendants deny any indebtedness, deny the existence of any lien, and claim that the ultimate liquidation of partnership assets shows that plaintiff has been overpaid. Defendants seek to charge plaintiff with losses on the inventory and appraisal, claiming it was excessive and did not properly depreciate the assets. Defendants also claim the business was in process of liquidation at a loss, and seek to charge plaintiff for a proportionate share of the loss. They claim that plaintiff has been overpaid $6,943.90. There is no question but that the value of the assets depreciated materially during the depression years, and defendants by cross bill seek to charge plaintiff's interest under the will with such depreciation. Under their claimed construction of the will, plaintiff would receive considerably less than $35,000.

When Fred E. Phillipson died in 1929, the partnership was thereby dissolved. 2 Comp. Laws 1929, § 9871 (Stat. Ann. § 20.31). This prospect was undoubtedly in the minds of the copartners when they executed identical wills, for the evident purpose of allowing surviving partners to continue the business uninterrupted by the dissolution. Herbert E. testified that their purpose in making identical wills was:

"We three thought that was the best way to handle our business. All we thought at that time was that we would try to preserve the Phillipson Clothing Company, that we would try to carry it on because father had always carried it on, as a kind of monument to my father's memory."

When a partner dies and the business is continued without liquidation by the surviving partners, either with or without an assignment from the representatives of the deceased partner, but without any settlement of accounts as between the estate and the partnership continuing the business, unless otherwise agreed, the estate may have the value of the decedent's interest *at the date of dissolution* ascertained, and shall receive an amount equal to the value of his interest in the dissolved partnership, with interest. 2 Comp. Laws 1929, § 9882 (Stat. Ann. § 20.42).

When a partnership is dissolved by death of one of the partners, it is the duty of the surviving partners to wind it up and in so doing are liable as fiduciaries. The surviving partners are in effect trustees of the assets of the deceased partner. *Grigg* v. *Hanna,* 283 Mich. 443.. In the case at bar, the will expressly makes the surviving partners trustees of the testator's interest in the partnership. It bequeaths the testator's interest to them as trustees, requires them to do certain things, and charges his interest in the partnership with the payment of $35,000 to the testator's widow over a period of 15 years, with annual interest.

There are only two possible constructions of this will:

If, as claimed by defendants, it does not bequeath the testator's one-third interest to defendants and set up a trust charged with payment of $35,000 to

the widow of the decedent, the only other disposition it makes of the testator's interest in the partnership assets is to bequeath the same to plaintiff, absolutely. The will concludes the disposition of his interest in the partnership as follows:

"H. In the event of the failure or refusal of the trustees herein named to carry out and to comply with the terms of this trust conveyance, then and in that event, the trust conveyance herein made shall lapse and become null and void, and the property herein described as my Phillipson Clothing Company assets shall thereupon vest in and become the property of my wife, Myrtle R. Phillipson, under paragraph fourth of this will."

Paragraph four gives plaintiff all the residue of the estate.

Nowhere in this record do we find any substantial ground for holding that defendants refused at the outset to accept and to comply with the terms of the trust. They have treated the testator's one-third interest as passing to them absolutely. Immediately after the death of the testator they began to comply with the terms of the trust set up by the will. They paid plaintiff $10,000 in accordance therewith. For upwards of seven years they continued to make payments to her. In annual accounts filed in probate court they acknowledged plaintiff's right to five per cent. interest on the deferred annual payments. Their entire course of dealing is consistent only with the theory that they accepted the trust. They took over the business as a new copartnership, continued to carry on the business as a going concern, borrowed money in the partnership name, sold assets, filed income-tax returns showing Herbert E. and Irving J. Phillipson as owners of the business. These things were not done as executors of the es-

tate of Fred E. Phillipson and no authority was obtained from the probate court for any of their acts. They gave plaintiff a statement of the value of her husband's interest and made payments in accordance with the requirements of the trust. We conclude that the intent of the testator was to assign his interest in the copartnership to the surviving partners, in trust. The record clearly establishes that Herbert E. and Irving J. considered the will to that effect. The failure to qualify by filing a bond as trustees is no defense in a suit against them for construction of the will and an accounting. *MacKenzie v. Union Guardian Trust Co.*, 262 Mich. 563. The conclusion is inescapable that defendants accepted the trust and became the owners of the naked legal title of the testator's undivided one-third interest in the partnership, charged with and subject to payment to plaintiff of $35,000, and interest, in accordance with the terms of the will.

The bill of complaint asks that a lien be declared in plaintiff's favor to secure the payment of the amounts still unpaid. The will provides that "the property herein conveyed in trust shall be charged with the payment of the sum herein mentioned," and, in requiring payment of $25,000 over a period of 15 years, provides "the property herein conveyed in trust shall be charged with the payment thereof." Plaintiff is entitled to the lien. The acceptance of a devise raises an implied promise to pay any charge attached thereto by the will. In *Stringer* v. *Stevens' Estate*, 146 Mich. 181 (8 L. R. A. [N. S.] 393, 117 Am. St. Rep. 620, 10 Ann. Cas. 337), this court held that the testator's son, by accepting the devise of a farm charged with an annuity to the widow, became liable to the widow for the amount thereof, upon the implied promise to pay the same created by the son's acceptance. The facts involved in

*Stringer* v. *Stevens' Estate, supra,* were again before this court in *Stringer* v. *Gamble,* 155 Mich. 295 (30 L. R. A. [N. S.] 815). This court there held that a lien created to secure a charge on land may be foreclosed in event of failure to pay. This rule applies equally to personal property. *In re Owen's Estate,* 138 Mich. 293.

We hold that defendants became obligated to pay plaintiff the sum of $35,000, with interest, at the time provided for in the will, and that the partnership assets may be charged with a lien to secure the balance of such payment. The decree may provide for foreclosure of the lien if payment is not made.

We are not in accord with the attempt to challenge the net value of the one-third interest shown in the statement given to plaintiff, either by claim of mistake, failure of the appraisers properly to depreciate the assets, or by losses sustained in the business during the ensuing years. When the inventory was filed, and for some time afterward, plaintiff, as widow of the deceased, had the right to elect whether she would accept the provisions of the will. Relying on the value of the one-third interest shown by the statement, she accepted the provisions of the will. The defendants did likewise, and are now bound to comply with it.

2. *Accounting.* Under our construction of the will, the accounting is merely a matter of arithmetical computation. There is no dispute as to the amount defendants have paid plaintiff. It remains only to compute interest charges, and credit defendants for the payments made. Plaintiff may have a decree requiring defendants to pay forthwith any arrears of the annual $1,500 payments, and interest, and requiring defendants to make further payments in accordance with the will until the deferred payment of $25,000, and interest, as required by the will,

has been paid, on or before 15 years from the date of death of the testator. Plaintiff may have a lien on the assets of the copartnership to secure payment, with provision for foreclosure if not paid.

The decree is set aside and one may be entered in accordance herewith. Appellant to have costs of both courts.

CHANDLER, C. J., and NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., took no part in this decision.